UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-CR-0312-GMN-VCF |
| v. ) | |
| ) | **O R D E R** |
| EFRAIN LICEA CARDENAS, *et al.*, ) | |
| ) | **(Motion to Reserve Further Motions #24** |
| ) | **and Disclose Electronic Surveillance #25)** |
| Defendant. ) | |

Before the court is defendant Efrain Licea Cardenas' Motion to Reserve Further Motions. (#24). The government did not file an Opposition.

Also before the court is defendant Cardenas' Motion to Disclose Electronic Surveillance. (#25). The government filed a SEALED Memorandum of Government Counsel in Support of *In Camera* Review By The Court (#30) and an Opposition to Defendant's Motion to Disclose Electronic Surveillance (#32). Defendant did not file a Reply.

**Background**

Defendant is awaiting trial on a two count indictment charging defendant with Possession with Intent to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and (vii), and Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(5)(A). (#6).

On August 13, 2012, a complaint alleging two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and (vii), was filed against defendant Cardenas. (#3). On the same day, defendant Cardenas made his initial appearance and was ordered detained. (#1 and #2). The government filed a two count indictment agaínt defendant on August 28, 2012. (#6). The court held defendant's arraignment and plea on September 7, 2012, and defendant pleaded not guilty. (#10).

Defendant filed a motion to suppress statements (#23), a motion to reserve right to file additional motions (#24), and a motion to compel government to disclose electronic surveillance (#25) on January 3, 2013. The government filed an opposition to the motion to suppress (#28), an opposition to the motion to compel (#29), and a SEALED memorandum regarding the motion to compel (#30) on January 14, 2013. The court entered a minute order on January 30, 2013, scheduling an evidentiary hearing on the motion to suppress (#23) for March 8, 2013. (#31). The government filed a notice of corrected image of its opposition (#29) to defendant's motion to compel government to disclose electronic surveillance, as the government had erroneously filed its opposition to the motion to suppress (#23) rather than its opposition to the motion to compel government to disclose (#25). (#32). The defendant did not file a reply in support of his motion to compel (#25).

**Motion To Compel Government to Disclose Electronic Surveillance**

  **A.**  **Arguments**

Defendant asks this court to issue an order compelling the government to "conduct a search of all law enforcement files relating to past and present electronic surveillance of him and...an order compelling the prosecution to disclose whether federal or California state wiretaps were used in developing probable cause for his arrest or for the search of his residence, located at 2944 Demetrius Avenue in Las Vegas, Nevada," and to "disclose whether any of the...phone numbers associated with him, or utilized by him, have been the target or subject of any electronic surveillance for the past year..." (#25). Defendant asserts that he "is seeking immediate production of these items or a definitive statement that no wiretap was utilized <u>in any matter</u> in this investigation." *Id* (Emphasis Supplied). If the government admits that electronic surveillance was used, defendant asks this court to compel the government to produce the application for the wiretap, the affidavit supporting the application, and the order authorizing the wiretap under Penal Code Section 269.70 and 18 U.S.C. § 3504. *Id.*

Defendant states that he believes that he may have been unlawfully electronically intercepted and provides the court with two reasons for this belief: (1) a wiretap would explain why the officer's

2

report stated that the transaction was for methamphetamine, rather than cocaine, as the telephone conversation setting the meeting merely mentioned the delivery of "four," and one intercepting the call would think the sale was for methamphetamine rather than cocaine, and (2) the location of the meeting was chosen minutes before the meeting occurred, was only known by one person, and was conveyed during the telephone conversation. *Id.* Defendant also submits a declaration under SEAL to the court wherein defendant elaborated upon the reasons for his belief. (#26).

The government asserts in its opposition that "none of the information provided by Pomona officers which served as a basis for the search warrant affidavit was derived in any way from an illegal wiretap." (#32)(Emphasis Added). The government submits for the court's *in camera* review the affidavit of an agent confirming that there was no illegal electronic surveillance used on the defendant during the investigation. (#30).

**B.     Relevant Law/Discussion**

Pursuant to 18 U.S.C. § 3504, " [i]n any trial, hearing, or other proceeding in or before any court...upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act..." 18 U.S.C. § 3504(a)(1)(Emphasis Added). The term "unlawful" as used in § 3504 means "any act the use of any electronic, mechanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto." 18 U.S.C. § 3504(b).

"A party's right to learn of illegal surveillance is not absolute." *United States v. Waters*, 627 F.3d 345, 364-65 (9th Cir. 2010). A defendant alleging the unlawful use of electronic surveillance under 18 U.S.C. § 3504 must first articulate a "colorable" basis for his claim of surveillance before the government is required to respond. *United States v. Yanagita*, 552 F.2d 940 (2d Cir. 1977); *In re Millow*, 529 F.2d 770 (7th Cir. 1976). "[B]ecause responding to ill-founded claims of electronic

3

surveillance would place an awesome burden on the government, a claim of government electronic surveillance of a party must be sufficiently concrete and specific" before the government must respond. *United States v. Tobias*, 836 F.2d 449, 452–53 (9th Cir. 1988). Once the defendant's burden is met, the government must "affirm or deny" the existence of <u>illegal</u> electronic or other surveillance. *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973). The specificity required of the government's response is "measured by the specificity and strength of the witness's allegations," and a "general unsupportable claim requires only a general response." *In re Grand Jury Investigation*, 437 F.3d 855, 857 (9th Cir. 2006) (per curiam). If the government affirms the existence of <u>illegal</u> electronic surveillance, the defendant is entitled to a hearing as prescribed in *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1968).

Defendant asks the court to compel the government to either disclose the existence of a wiretap or provide a "definitive statement that no wiretap was utilized <u>in any manner</u> in this investigation." (#25). As § 3504(a)(1) requires the government to affirm or deny only the occurrence of an "alleged <u>unlawful</u> act," and not the occurrence of <u>any act</u>, defendant's request for the government to disclose the existence of wiretaps or provide a definitive statement that no wiretaps were used is denied. 18 U.S.C. § 3504(a)(1)(Emphasis Added). Defendant also provides two reasons he believes that <u>unlawful</u> electronic surveillance was used and submits the defendant's SEALED declaration in support of those reasons. (#25 and #26). The court finds that defendant has satisfied the "threshold question" of whether defendant's allegations of illegal electronic surveillance are adequate to require the government to affirm or deny, and the defendant's motion (#25) is granted in this respect. *See Alter*, 482 F.2d at 1024; *In re Grand Jury Proceedings Witness Bardier*, 486 F. Supp. 1203, 1209 (D. Nev. 1980)(holding that "[w]here a claim of electronic surveillance is made, however conclusory, by persons who were a party to the conversation, the Government must respond by way of affidavit.").

As explicitly required by 18 U.S.C. § 3504 and permitted by this and other circuits, the government denies the existence of unlawful electronic surveillance (#32) and supports this denial with

4

the agent's affidavit (#30). *See United States v. Fitch*, 472 F.2d 548, 549 (9th Cir. 1973)(holding that the government's affidavit showing that no surveillance was used was sufficient to satisfy 18 U.S.C. § 3504); *See also Korman v United States*, 486 F2d 926 (7th Cir. 1973)(holding that the denial of electronic surveillance must at the very least be submitted in the form of an affidavit by a responsible government official); *In re Weir*, 495 F.2d 879, 881 (9th Cir. 1974)(holding that "an affidavit by a Department of Justice attorney [that] denied any electronic surveillance" was adequate, and stating that "[p]roving a negative is, at best, difficult and in our review, a practical, as distinguished from a technical, approach is dictated.").

The court has discretion when determining whether the government's response is sufficient and must balance "conflicting and sensitive interests." *United States v. Wylie*, 625 F.2d 1371, 1376 (9th Cir. 1980)(holding that "the task of striking a balance between 'the conflicting and sensitive interests at stake' when [the issue of the adequacy of the government's response] arises, 'properly lies with the district court.'")(quoting *Alder*, 482 F.2d at 1026). In balancing these interests, the court may resolve the issue of the adequacy of the government's denial by an *in camera* review of documents or other information. *U. S. v. D'Andrea*, 495 F.2d 1170, 1174 (3d Cir. 1974)(holding that *in camera* review was proper where the question was "whether the alleged illegal surveillance had occurred at all..."); *In re Grand Jury Proceedings*, 786 F.2d 3, 7 (1st Cir. 1986)(holding that a witness's right to confrontation was not violated when the court considered an *ex parte* affidavit *in camera* in deciding her § 3504 motion); *United States v. Osborne*, 424 F. Supp. 70, 71 (E.D. Pa. 1976)(considering an *in camera* affidavit from the Assistant U.S. Attorney in charge of the investigation and the statement that no <u>unlawful</u> electronic surveillance was used in determining that the government had met its burden and denying defendant's claim of illegal electronic surveillance under § 3504).

Upon an *in camera* review of the agent's SEALED affidavit (#30), the court finds that the government's response is sufficient to satisfy its obligation under 18 U.S.C. § 3504, as the affidavit is "responsive[,] factual, unambiguous, and unequivocal." *See Alderman*, 394 U.S. 165; *Alter*, 482 F.2d

5

at 1027 (remanding for the government to file a "responsive factual, unambiguous, and unequivocal affidavit" rather than the conclusory affidavit previously filed.).  As the government unequivocally denies the existence of unlawful electronic surveillance (#32) and the court finds the SEALED affidavit adequate under the cases cited herein (#30), the defendant's request to compel the government to disclose the documents acquired to obtain a wiretap and request for hearing (#25) are denied. *Wylie*, 625 F.2d at 1377 (holding that where "the government's denial of electronic surveillance was adequate...no further proceedings are necessary on this question); *Adler,* 482 F.2d at 1027 n.19 (holding that a hearing is appropriate where there is sufficient doubt regarding the adequacy of the government's affidavit).

**Motion to Reserve Further Motions**

Defendant asks this court for "leave to file a Motion to Suppress Evidence based upon unlawful electronic surveillance and also possibly a Motion for Discovery." (#24).  Defendant states that "[i]n the event that [the] motion [to compel government to disclose electronic surveillance (#25)] is granted and the existence of a wiretap is disclosed to the defense, along with court orders and supporting applications, Mr. LICEA CARDENAS is respectfully requesting to reserve the right to file additional motions, based upon what may be revealed by these disclosures." *Id.*  As the government affirmatively states that no unlawful electronic surveillance was used (#30 and #32) and the court confirms the adequacy of such representation after an *in camera* review of the affidavit (#30), defendant's motion to reserve further motions relating to the electronic surveillance (#24) is denied as moot.

Defendant also asks this court for leave to file motions relating to discovery, as "it appears that a number of items of discovery have not yet been provided to the defense," including surveillance photographs, pay/owe sheets, cell phones seized at the residence, and chemical analysis reports. (#24)  Defendant states that "rather than filing boilerplate motions for discovery, which may very well not be opposed [since the government's position is not clear at this time], the defense is seeking to reserve the right to file a discovery motion at a later time, in the event that a real dispute develops between the

6

prosecution and the defense." *Id.*  As the government did not file an opposition and the court finds it more efficient for defendant to file discovery motions *after* attempting to receive the discovery from the government, defendant's request (#24) is granted in this respect.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Efrain Licea Cardenas' Motion to Reserve Further Motions (#24) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that defendant Cardenas' Motion to Disclose Electronic Surveillance (#25) is GRANTED in part and DENIED in part, as discussed above.

DATED this 27th day of February, 2013.

                                                **CAM FERENBACH**
                                                **UNITED STATES MAGISTRATE JUDGE**